IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:19-CV-25-BO

| | | |
|---|---|---|
| PAULA KASTERAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| THOMAS ANGIER STOKES, III, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This cause comes before the Court on a motion to dismiss filed by defendants Sharon Culpepper and Mark Reid. [DE 24]. The Court previously dismissed claims against two other defendants, Thomas Stokes and Leigh Baker, for plaintiff's failure to serve. Plaintiff moves to reinstate her action against them and for extension of time to serve. [DE 22, 27, 28]. For the reasons discussed below, plaintiff's motions [DE 22, 27, 28] are DENIED. Defendants' motion to dismiss [DE 24] is GRANTED.

BACKGROUND

This case arises out of an altercation in Atlantic Beach, North Carolina. In her complaint, plaintiff alleges the following. On February 19, 2017, plaintiff and her dog were on the beach strand. DE 1, ¶ 6. Defendants Stokes and Baker were also on the beach with their dog. *Id.* ¶¶ 6, 16. The dogs got into a fight, which Stokes quickly broke up by employing physical force against plaintiff's dog. *Id.* ¶ 6. Plaintiff alleges that the force employed by Stokes greatly exceeded the bounds of what was needed to break up the dogs' fight, and that in an attempt to defend her dog from Stokes, she hit Stokes in the jaw. *Id.* ¶¶ 6–14. The police were called in response to the

incident. *Id.* ¶ 18. The police officers who arrived at the scene were defendants Culpepper and Reid, who then took statements from the parties. *Id.* ¶ 21; DE 24-1.

In response to the incident, a North Carolina judge issued a restraining order against plaintiff, telling her not to go near Stokes and Baker. *Id.* ¶ 25. Defendant Stokes reported that plaintiff had violated this order, and plaintiff was subsequently arrested and put in jail. *Id.* ¶ 30. In January 2018, plaintiff was tried and convicted of assault and destruction of personal property, receiving a 60-day jail sentence. DE 24-5 at 156.

Plaintiff alleges that during these proceedings, Officers Culpepper and Reid deliberately made false statements again her. She alleges the officers "lied under oath in Carteret County District Court." *Id.* ¶ 36. She alleges Reid "deliberately wrote false information about plaintiff [in his police report], writing that plaintiff's height and weight were 5 feet 5 inches and 140 pounds, when plaintiff told him in response to his questions . . . that she was 5 feet 2 inches tall and weight 125 pounds." *Id.* ¶ 37. Plaintiff alleges the officers did not question plaintiff about Stokes's eyeglasses damage. *Id.* ¶ 38.

On February 19, 2019, plaintiff filed this lawsuit against Stokes, Baker, Reid, and Culpepper. Ultimately, plaintiff failed to make timely service on any of the defendants despite the Court granting an extension. On August 19, 2019, the Court dismissed without prejudice the claims against Stokes and Baker for failure to serve. DE 20. Culpepper and Reid, however, waived service after having moved to dismiss for failure to serve, and so the Court denied their motion as moot. *Id.*

Since then, Culpepper and Reid have moved to dismiss for failure to state a claim. Plaintiff has moved to reinstate the dismissed claims against Stokes and Baker. These motions are now before the Court.

## DISCUSSION

Motion to Dismiss

When considering a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept unwarranted inferences, unreasonable conclusions, or arguments. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). "[W]holly vague and conclusory allegations are not sufficient to withstand a motion to dismiss." *Doe v. Virginia Dep't of State Police*, 713 F.3d 745, 754 (4th Cir. 2013).

Plaintiff does not specify what legal claims she is bringing against Culpepper and Reid, but even when afforded the leniency to which *pro se* litigants are entitled, plaintiff's complaint must be dismissed for failure to state a claim. Plaintiff's allegation that the two officers lied at her various proceedings in state court is a wholly conclusory allegation without any factual support. *See* DE 1, ¶ 36. Plaintiff makes one factual assertion against Culpepper and Reid apiece. She alleges that Reid wrote down the plaintiff's wrong weight and height in the police report, which cut against plaintiff for her assault charge. *Id.* ¶ 37. She alleges that Culpepper never talked to her about how Stokes's eyeglasses were damaged. *Id.* ¶ 38. These allegations do not amount to a cause of action against Officers Culpepper and Reid.

Moreover, to the extent plaintiff's cause of action seeks to recover damages under 42 U.S.C. § 1983 for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid[,]" plaintiff must prove that the conviction has been either reversed, expunged, or otherwise declared invalid by a state tribunal. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). Plaintiff has not made any such showing. Plaintiff's complaint must be dismissed for failure to state a claim.

Plaintiff's Motions

The Court dismissed the claims against Stokes and Baker because plaintiff failed to timely serve, missing the extended deadline of June 27, 2019. It seems process was eventually served on Stokes and Baker on August 9, 2019. DE 21.

Plaintiff moves to reinstate the claims against Stokes and Baker and for the Court to extend the time for service. DE 22, 27, 28. Plaintiff has not shown any cause as to why she missed the June 27, 2019 deadline provided by the Court in its previous extension, and her motions must be denied.

CONCLUSION

For the foregoing reasons, plaintiff's motions [DE 22, 27, 28] are DENIED. Defendants' motion to dismiss [DE 24] is GRANTED. Plaintiff's complaint is DISMISSED. The Clerk is DIRECTED to close the case.

SO ORDERED, this __19__ day of December, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE